IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROLYN SUE FARNSWORTH,

    Plaintiff,

v.                                   Civil Action No. 5:07CV129
                                              (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE,**
**DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF,**
**AND GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT**

I.   Procedural History

The plaintiff, Carolyn Sue Farnsworth, filed an application on September 20, 2004, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleged disability since April 9, 2003, due to muscle problems and arthritis in the right neck; muscle problems and arthritis in her left shoulder; spinal and left leg pain; and shortness of breath. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested a hearing, and a hearing before an Administrative Law Judge ("ALJ") was held on July 11, 2006. On September 11, 2006, the ALJ issued a decision finding that the plaintiff was not under a disability as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the

final decision of the Commissioner.  Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The plaintiff and the defendant filed cross-motions for summary judgment.  Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation.  In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for benefits was proper because substantial evidence supports the ALJ's conclusion that other work the plaintiff could perform exists in significant numbers in the national economy; because the ALJ did not err by failing to obtain additional expert opinion on the plaintiff's limitations on her ability to reach; and because the ALJ's failure to include a limitation on the plaintiff's exposure to machinery in the Residual Functional Capacity ("RFC") hypothetical presented to the Vocational Expert ("VE") was harmless error.  Accordingly, the magistrate judge recommended that the defendant's motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections, in which she contends that the magistrate judge misinterpreted the plaintiff's contention regarding the Commissioner's duty to obtain additional information from the consultative physician regarding the plaintiff's limitation on her ability to reach in all directions and that the magistrate judge misapplied controlling law. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections were filed in this case, this Court

conducts a de novo review of the magistrate judge's report and recommendation.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

In her motion for summary judgment, the plaintiff contends that substantial evidence is not present in the record to support the ALJ's determination that other work the plaintiff is capable of performing is available in significant numbers in the national economy. She asserts two grounds in support of this contention. First, the plaintiff contends that the ALJ erred in determining the plaintiff's RFC at step five of the sequential analysis[1] by failing to re-contact the plaintiff's consultative examiner, Dr. Silvina Padro, to ascertain the degree of limitation on the plaintiff's ability to reach resulting from her shoulder pain. Second, the plaintiff argues that the ALJ erred at step five of the sequential analysis by failing to consider the opinions of state agency physicians who concluded that the plaintiff should avoid even moderate exposure to machinery. According to the plaintiff, these errors caused the VE to overestimate the number of suitable jobs in the national economy which the plaintiff is capable of performing.

By contrast, the defendant's motion for summary judgment contends that the record contains substantial evidence to support the ALJ's conclusion that other work exists in significant numbers

---

[1]To make a disability determination, an ALJ must undertake a five-step sequential analysis, which is set forth at 20 C.F.R. §§ 404.1520, 416.920. An ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform her past work; and, if she cannot perform her past work, (5) can perform other work in the national economy.

5

in the national economy which the plaintiff can perform. In support, the defendant claims that because the record before the ALJ was sufficient to determine that the plaintiff was not disabled, the ALJ had no duty to obtain additional medical evidence from the consultative physician, Dr. Padro. The defendant also asserts that even considering the limitations identified by the state agency physicians regarding the plaintiff's exposure to machinery, the VE identified a significant number of jobs in the national economy which the plaintiff can perform which accounted for that limitation.

An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). It is the duty of the ALJ, not of the courts, to make findings of fact and to resolve conflicts in the evidence. The Court's scope of review is limited to determining whether the findings of the Secretary are supported by

substantial evidence and whether the correct law was applied, not to substitute the Court's judgment for that of the Secretary. Hays, 907 F.2d at 1456.

A. <u>Obligation to Obtain Additional Medical Evidence</u>

The plaintiff alleges that the ALJ failed in his obligation to obtain additional medical evidence concerning the plaintiff's degree of limitation in her right shoulder. The magistrate judge found that the ALJ had no duty to re-contact the state agency examiner, Dr. Ali Lateef, to determine the plaintiff's degree of limitation because the evidence before the ALJ was adequate to ascertain whether the plaintiff is disabled. Therefore, the magistrate judge concluded that the ALJ did not err by failing to obtain additional medical evidence and, accordingly, that substantial evidence supported the ALJ's decision.

In her objections, the plaintiff argues that the magistrate judge erroneously identified the state agency physician, Dr. Lateef, as the examiner who should have been re-contacted, rather than the consultative physician, Dr. Padro, as the plaintiff had argued in her complaint and motion for summary judgment. According to the plaintiff, Dr. Lateef acknowledged in his assessment that Dr. Padro's assessment failed to indicate the degree of limitation concerning the plaintiff's ability to reach. The plaintiff argues that this omission created a sufficient gap in the medical record

7

to require the ALJ to obtain additional information from Dr. Padro. This Court disagrees.

The duty to obtain additional medical evidence attaches when the evidence submitted by a claimant is inadequate for purposes of determining whether the claimant is disabled. See 20 C.F.R. § 416.912(e)(1); Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986)("[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate."). An ALJ is required to re-contact medical sources only when the record before the ALJ provides inadequate evidence to determine whether the claimant is disabled.

Here, the record before the ALJ, which included medical evidence and evidence of the plaintiff's lifestyle activities, provides adequate evidence for the ALJ to have determined whether the plaintiff is disabled. Specifically, the medical record establishes that the plaintiff has some degree of decreased active range of motion and slightly decreased passive range of motion. (R. 150, 165.) However, as the ALJ noted, nothing in the medical record indicates that the plaintiff has undergone any regimen of treatment for her arms or shoulders. The ALJ further observed that he did not find the plaintiff to be entirely credible. (R. 23.) In reaching this conclusion, the ALJ, in addition to observing the

plaintiff's demeanor during her testimony at the hearing, relied upon the impressions of two medical providers who stated that the plaintiff was exaggerating her impairments and limitations and making sub-maximal efforts during the examinations to demonstrate weakness. (R. 21, 22.) Consequently, the ALJ specifically noted that he "does not accept medical findings or opinions that are based solely or primarily upon the plaintiff's subjective complaints." (R. 23.) Given that an assessment of the plaintiff's active range of motion depends upon her own efforts, and given the ALJ's rejection of any medical findings or opinions based exclusively or primarily upon the plaintiff's subjective complaints, this Court find no gap in the record which would have required the ALJ to re-contact Dr. Padro or, as the magistrate judge found, Dr. Lateef.

Furthermore, the lifestyle evidence on the record provides substantial evidence for the ALJ to conclude that any limitations on the plaintiff's ability to reach is not so frequent or debilitating to suggest that the medical record was incomplete or inadequate in this regard. Specifically, the lifestyle evidence reveals that the plaintiff runs the vacuum cleaner, washes dishes, does laundry, prepares meals, drives a vehicle, shops for groceries, and tends to her pet chickens and rabbits. (R. 82, 84, 85.) This lifestyle evidence provides additional substantial

evidence undermining the plaintiff's claims concerning limitations on her ability to reach.

In light of the foregoing, this Court finds that the ALJ was not required to re-contact Dr. Padro because the totality of the record before the ALJ provides substantial evidence to enable the ALJ to make a disability determination, and that the ALJ fully considered that evidence to determine that the plaintiff is not disabled. Accordingly, the ALJ has met his duty under <u>Cook v. Heckler</u>, 783 F.2d 1168, 1173 (4th Cir. 1986), and the plaintiff's argument lacks merit.

B. <u>Failure by Administrative Law Judge to Include a Limitation of Avoiding Even Moderate Exposure to Machinery in the Hypothetical Presented to the Vocational Expert</u>

The plaintiff argues that the ALJ erred at step five of the sequential analysis by failing to include any limitation in the RFC concerning exposure to machinery and by failing to indicate the weight he accorded to the opinions of two state agency experts, Dr. Ali Lateef and Dr. Fulvio Franyutti. Specifically, the plaintiff complains that the RFC limitations identified by Dr. Lateef and Dr. Franyutti included a limitation that the plaintiff avoid even moderate exposure to machinery but that the ALJ did not adopt that limitation despite his statement that he had "essentially incorporated" the state agency experts' ascribed limitations in the plaintiff's residual functional capacity. (R. 24.) According to

the plaintiff, the ALJ should have included this limitation in the hypothetical to the VE.

The magistrate judge agreed that the ALJ erred by omitting the machinery exposure limitation from the hypothetical but that such error was harmless because there is no evidence that its inclusion would have yielded a different finding by the ALJ concerning the availability of jobs in the national economy. In her objections, the plaintiff contends that the magistrate judge erred by finding that the omission of machinery exposure limitation to be harmless error. In support of this contention, the plaintiff asserts two reasons. First, according to the plaintiff, the magistrate judge should have rejected the ALJ's claim that the ALJ had given considerable weight to the opinions of the state agency experts when the record demonstrates that ALJ had not considered their opinions that the RFC should include a machinery exposure limitation. Because the ALJ failed to explain why he did not adopt the entirety of the state agency experts' reports, the plaintiff argues, the magistrate judge erred in finding that the ALJ's decision was supported by substantial evidence. Specifically, the plaintiff claims that under Gordon v. Schweiker, 725 F.2d 231 (4th Cir.), an ALJ's decision is not supported by substantial evidence if he fails to indicate the weight he gave to the various medical opinions in the record.

Second, the plaintiff contends that the magistrate judge erred by excusing the ALJ's failure to include the need to avoid even moderate exposure to machinery in the hypothetical and that the basis for the magistrate judge's finding misapplied Fourth Circuit law. Specifically, the plaintiff claims that under Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989), the ALJ is required to include all of a claimant's limitations in the hypothetical presented to the VE. According to the plaintiff, the magistrate judge erroneously excused the ALJ's failure to include the machinery exposure limitation in the VE hypothetical on the ground that the VE had an opportunity to review the record before rendering his opinion.

Based upon a de novo review of the record and the applicable law, this Court agrees with the magistrate judge's conclusion that the ALJ erred by failing to include the machinery exposure limitation but that the error was harmless because substantial evidence supports the ALJ's conclusion that jobs suitable for the plaintiff, given her limitations, exist in significant numbers in the national and regional economies.

The determination of a claimant's RFC is reserved for the ALJ in his or her role as the finder of fact. 20 C.F.R. § 416.946. When the opinions or findings of state agency medical consultants are included in the record, an ALJ must consider those opinions or findings but is not bound by them. 20 C.F.R. § 416.927(f)(2)(i).

In making his or her findings, an ALJ must explicitly indicate the weight given to all of the relevant evidence. Gordon, 725 F.2d at 235.

In this case, the state agency reports from Dr. Lateef and Dr. Franyutti indicate that, among other limitations, the plaintiff should avoid even moderate exposure to machinery. The ALJ stated that he had given "considerable weight" to the findings of the state agency experts and that he had "essentially incorporated" the limitations identified by the state agency experts into the plaintiff's RFC. The ALJ identified the plaintiff's RFC as permitting a range of work activity that:

> Requires no more than a light level of physical exertion; requires no climbing of ladders, ropes or scaffolds, or more than occasional climbing of ramps or stairs; requires no more than occasional balancing, crawling, crouching, kneeling or stooping; and entails no concentrated exposure to extreme cold temperatures, humidity, vibration or airborne/environmental pollutants (e.g., dust, fumes, gases, noxious odors, smoke).

(R. 20). The RFC includes no limitation on the plaintiff's exposure to machinery. Likewise, the hypothetical posed to the VE included such no limitation:

> Assume that it was relevant for an individual hypothetically that she could lift 20 pounds occasionally, ten pounds[] frequently, standing and walking six hours in an eight hour day with normal breaks, sit six hours in an eight hour day with normal breaks, occasionally climb ramps and stairs, and balance, stoop, kneel, crouch, and crawl, but never climb any ladders, ropes or scaffolds, and because of the conditions as treated, avoid concentrated exposure to cold temperatures, wetness, and humidity, and vibration[, and] because of the breathing problems in this, even

13

> though she smokes[,] she should avoid even moderate
> exposure to fumes, dust, fodders, gasses, and pollutants.
> So, taking that hypothetical for such an individual as
> the claimant, would any of the claimant's past work be
> available for her to perform?

(R. 198-99).

Using the information in the hypothetical, the VE opined that at the light exertional level, examples of the jobs available in significant numbers in the national and regional economies include information clerk, storage facility rental clerk, and folding machine operator. (R. 201.) At the ALJ's request, the VE assumed that the plaintiff is unable to lift even ten pounds, the VE concluded that none of the light exertional job available and identified three jobs at the sedentary level--plastic design applier, laminator, and final assembler--that would be available. (R. 201-02.) In answer to an inquiry by the plaintiff's counsel, the VE stated that if the plaintiff also had to avoid even moderate exposure to machinery, then the sedentary jobs of plastic design applier and laminator would not be unavailable, and the light exertional job of folding machine operator would not be available. (R. 202-03.)

In sum, the VE's testimony indicates that if the plaintiff's RFC were also to include a limitation of no lifting of ten pounds or more and a limitation of avoiding moderate exposure to machinery, one job--final assembler--would be available to the plaintiff, and that if only the limitation of avoiding moderate

14

exposure to machinery were added, two jobs--information clerk and storage facility rental clerk--would be available. Further, the VE testified that these jobs are available in the national and regional economies, as follows: information clerk, 95,000 nationally, 800 regionally; storage facility rental clerk, 85,000 nationally, 300 regionally; and final assembler, 43,000 nationally, 50 regionally. In sum, accounting for the machinery exposure limitation, 223,000 jobs that the plaintiff can perform are available nationally, and 1,150 are available regionally.

Based upon the foregoing, this Court finds that the ALJ complied with the command of Gordon by explicitly indicating the weight he accorded the opinions of the state agency expert. This Court rejects the plaintiff's argument that the ALJ's failure to include the machinery exposure limitation in the RFC indicates a concomitant failure by the ALJ to give considerable weight to the opinions of the state agency experts.

However, as required by Walker, the ALJ should have included the machinery exposure limitation in the RFC and in the hypothetical, and his failure to do so was error. Nevertheless, this error does not, as the plaintiff argues, require remand. Remand is not required where, despite ALJ's error, ALJ would have reached the same result notwithstanding his error. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir.). Here, there is no indication that the ALJ would have reached a different conclusion regarding

15

the availability of jobs in the national and regional economies even if he had included the machinery exposure limitation in the hypothetical given to the VE.

The purpose of presenting a hypothetical to a VE is to elicit information that will enable the ALJ to determine whether work is available in the national economy which the plaintiff can perform. Walker, 889 F.2d at 50 (finding in that case that "the ALJ did not ask questions that ensured that the vocational expert knew what the claimant's abilities and limitations were"). This case presents circumstances unlike the situation in Walker, where the ALJ posed generalized questions to the VE, which the United States Court of Appeals deemed inadequate. See id. Here, as discussed above, the ALJ presented a detailed hypothetical, thereby ensuring that the VE knew what the plaintiff's limitations and abilities were and ensuring that the information provided by the VE was helpful to the ALJ in making his determination about the availability of work in the national economy that the plaintiff can perform. Therefore, as the magistrate judge concluded, the ALJ's error was harmless because the VE identified three jobs existing in significant numbers in the national and regional economies that account for the machinery exposure limitation in the plaintiff's RFC, and there is no indication that inclusion of the machinery exposure limitation would have resulted in a different finding by the ALJ regarding the availability of suitable jobs in the economy.

## IV. Conclusion

In light of the foregoing, this Court overrules the plaintiff's objections to the magistrate judge's report and recommendation. Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 4, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE